

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

April 22, 1953

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. S-32

Re: Applicability of the
non-communist oath
required by H.B. 21,
53rd Legislature, to
services by doctors,
lawyers, engineers,
architects, skilled
services, labor,
statutory witness
fees in criminal
cases, payment of ex-
pert witnesses, pay-
ment for assistance
in law enforcement,
cooperative projects
administered by other
agencies, constitu-
tional salaries of
State Officers and
per diem of members
of the Legislature.

Dear Sir:

We have your request for an opinion on the ap-
plicability of the following provision of House Bill Num-
ber 21, Acts of the 53rd Legislature, 1953:

"No funds of the State of Texas shall
be paid to any person as salary or as other
compensation for personal services unless
and until such person has filed with the
payroll clerk, or other person by whom such
salary or compensation is certified for pay-
ment, an oath or affirmation stating: . . ."

You asked specifically:

"1. Professional services, such as
doctors, lawyers, engineers, architects,
etc.?

"2. Skilled services to build, to repair, or to service contracts which are for labor only?

"3. Statutory services, witness fees in criminal cases, expert witnesses, payment of services for law enforcement, undercover work, etc.?

"4. Cooperative projects; warrants drawn to reimburse Federal and State agencies, or its subdivisions or compact commissions for salaries or personal services?

"5. Constitution of salaries such as executive officers of the State government and per diem from members of the State Legislature?"

The oath required by H. B. 21 is in part as follows:

"1. That the affiant is not, and has never been, a member of the Communist Party. . . ; and

"2. That the affiant is not, and during the preceding five year period, has not been, a member of any organization, association, movement, group or combination which the Attorney General of the United States, acting pursuant to Executive Order No. 9835, March 21, 1947, 12 Federal Register 1935, has designated as totalitarian, fascist, communist or subversive, . . . and

"3. That the affiant is not, and, during the preceding five year period, has not been, a member of any 'Communist Political Organization' or 'Communist Front Organization' registered under the Federal Internal Security Act of 1950 (50 U.S.C.A., sec. 781, et seq.). . . ."

In answer to your first and second questions, it is our opinion that the above provisions do apply to salary and compensation paid to doctors, lawyers, engineers and architects, and to skilled craftsmen and laborers, if their services are rendered in the capacity

of employees, and not as independent contractors.

There is no exclusive rule by which independent contractors and employees may be differentiated. Generally, however, the relations are distinguished by the extent of the control which the employer exercises over the employee in the manner in which he performs his work. Carruth v. Valley Ready-Mix Concrete Co., 221 S.W.2d 584 (Tex. Civ. App. 1949, error ref.)

> "An independent contractor is any
> person who, in the pursuit of an inde-
> pendent business, undertakes to do a
> specific piece of work for other persons,
> using his own means and methods, without
> submitting himself to their control in
> respect to all its details." Shannon v.
> Western Indemnity, 257 S.W. 522,524 (Comm.
> App. 1924).

But each case must be based on its own facts.

In answer to your third question, it is our opinion that the above provisions do not apply to statutory witness fees in criminal cases, nor to compensation paid by the State to expert witnesses since these fees are clearly not for personal services, but are to reimburse the witnesses for their expenses.

It is our opinion that the above provisions do apply to payment for special and undercover services in law enforcement if the services are performed in the capacity of an employee.

Your fourth question is too broad and general to be answered specifically. However, we will be glad to answer opinion requests based on any individual agency or fact situation.

In answer to your fifth question, it is our opinion that the above provisions do not apply to constitutionally fixed salaries of State Officers, nor to the constitutionally fixed per diem of members of the State Legislature, since such constitutional provisions are self executing and exclusive.

We are in no way passing upon the constitutionality of the above Act.

## SUMMARY

The "non-subversive" oath required by H.B. 21, Acts of the 53rd Legislature, 1953, applies to State funds paid for services by doctors, lawyers, engineers, architects, skilled craftsmen and laborers, and for special and undercover services in law enforcement, if such services are rendered in the capacity of an employee and not as an independent contractor.

The "non-subversive" oath does not apply to statutory witness fees in criminal cases, nor to compensation paid by the State to expert witnesses, nor to the constitutionally fixed salaries of State Officers, nor the constitutionally fixed per diem of State Legislators.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

John Ben Shepperd
Attorney General

By William M. King
    William M. King
       Assistant

WMK/rt